UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LANCE COFIELD,

Plaintiff,

-vs-

PINNACLE ORTHOPEDIC AND SPINE SPECIALIST,

Defendant.

25-CV-1022 (MAV)

ORDER

Plaintiff Lance Cofield filed the present action in October 2025 alleging federal and state law claims against Pinnacle Orthopedic and Spine Specialist ("Pinnacle"). ECF No. 1. Plaintiff did not pay the filing fee but applied for leave to proceed in forma pauperis ("IFP"). ECF No. 2. Subsequently, he filed an amended complaint (ECF No. 3), as well as a motion for default judgment (ECF No. 4), and a motion for service by the United States Marshals (ECF No. 5).

As an initial matter, the Court denies without prejudice Plaintiff's motions for default judgment and service by the Marshals. Rule 4(b) of the Local Rules of Civil Procedure of the Western District of New York authorizes service by the United States Marshals only after a pro se plaintiff has been authorized to proceed IFP. *See, e.g., Meadows v. Erie Cnty. Dep't of Soc. Servs.*, No. 23-CV-920-LJV, 2024 WL 2319829, at *1 n.1 (W.D.N.Y. May 22, 2024) (discussing Loc. R. Civ. P. 4(b)). Here, Plaintiff's complaint did not proceed to service, because his motion for IFP was still pending. Further, "[a] default judgment may not be granted . . . if the defendant has not been effectively served with process." *Doe v. Alsaud*, 12 F. Supp. 3d 684, 687 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). Here, because

Plaintiff's complaint did not proceed to service, default judgment may not be granted.

However, the Court has now reviewed Plaintiff's motion to proceed IFP and his supporting affirmation required under 28 U.S.C. § 1915(a), and finds that Plaintiff has met the statutory requirements and may proceed in this matter IFP. Because Plaintiff is proceeding IFP, the Court has conducted an initial screening of Plaintiff's complaint using the 28 U.S.C. § 1915(e)(2) criteria.

Based on the Court's screening, the Court finds that Plaintiff's complaint must be dismissed without leave to amend his claims.

## BACKGROUND

The following background is drawn from Plaintiff's pro se amended complaint. ECF No. 3. The Court has accepted all factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003).

Plaintiff alleges that he sustained a work-related injury on August 27, 2025 that caused bulging discs in his cervical spine and lumbar spine. ECF No. 3 at 1. Plaintiff sought treatment at Pinnacle, where he explained the full extent of his injuries, including injury to both the cervical and lumbar spine, and that he suffered these injuries at work. *Id.* Pinnacle correctly documented Plaintiff's injuries and symptoms as he described them. *Id.* Yet despite knowledge of the full extent of these injuries, Pinnacle prescribed physical therapy only for Plaintiff's cervical region, omitting any mention of the lumbar spine or Plaintiff's symptoms in his lower extremities. *Id.*

Following his examination by Pinnacle, Plaintiff was contacted by a physical therapy provider, who informed him that Pinnacle had referred him for treatment only for a neck injury, which the referral from Pinnacle described as resulting from a "no fault accident." *Id.* Because Pinnacle had classified the injury as resulting from a "no fault accident" instead of a work-related injury, Workers' Compensation would not cover the treatment by the physical therapy provider. *Id.* at 2. Plaintiff maintains that "[t]he actions of Pinnacle Orthopedic – documenting the correct injuries but issuing an incomplete and misclassified prescription . . . resulted in significant delays in medical care, ongoing pain, denial of benefits, and emotional distress, constituting medical negligence and gross misconduct." *Id.*

Plaintiff filed the original complaint on October 10, 2025. ECF No. 1. On October 16, he filed the instant amended complaint, which superseded his original complaint. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (noting the "well-established" principle that an amended complaint completely replaces the prior complaint in the action, and renders the prior complaint of no legal effect). The amended complaint alleges a federal claim of violation of right of access under 45 C.F.R. § 164.524, as well as state law claims for medical negligence, gross negligence, and violations of New York Workers' Compensation Law. ECF No. 3 at 2.

## LEGAL STANDARD

Section 1915 of Title 28 of the United States Code "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112

(2d Cir. 2004)). A complaint filed pro se must be "liberally construe[d]" and "interpret[ed] . . . to raise the strongest arguments it suggests." *Abbas*, 480 F.3d at 639 (citing *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002)). Nevertheless, the Second Circuit has instructed courts not to "read into pro se submissions claims that are not consistent with the pro se litigant's allegations or arguments that the submissions themselves do not suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).

At the first step of the § 1915 screening inquiry, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's claims. Federal courts are courts of "limited jurisdiction," which means that they cannot hear just any case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal district court can typically adjudicate only three types of claims:

> (1) those that "aris[e] under the Constitution, laws, or treaties of the United States"—so-called "federal question" jurisdiction under 28 U.S.C. § 1331; (2) disputes between citizens of different states, where the amount in controversy exceeds $75,000—"diversity jurisdiction" under 28 U.S.C. § 1332; and, under certain circumstances, (3) other claims that are "so related" to an "original jurisdiction" claim that they "form part of the same case or controversy under Article III of the United States Constitution"—"supplemental jurisdiction" under 28 U.S.C. § 1367(a).

*Dor v. Google LLC*, No. 3:25-CV-01915 (SVN), 2026 WL 438112, at *2 (D. Conn. Feb. 13, 2026). If "the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *Jones v. Free & Accepted Masons*, 685 F. Supp. 3d 148, 151 (W.D.N.Y. 2023) (collecting cases and quoting Fed. R. Civ. P. 12(h)(3)).

Next, the Court must dismiss the complaint, or any portion thereof, if it determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). On the other hand, a complaint sufficiently states a claim when it is "facially plausible"; that is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Generally, where screening reveals that a complaint is deficient, a pro se plaintiff must be allowed an opportunity to amend or to be heard prior to dismissal "unless the [C]ourt can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). That said, leave to amend is properly denied where amendment would be futile. *See, e.g., Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

## DISCUSSION

### I. Plaintiff's Federal Claim Under 45 C.F.R. § 164.524

Although Plaintiff correctly states that the Court has federal question subject

matter jurisdiction over questions of federal law (28 U.S.C. § 1331), his claim under 45 C.F.R. § 164.524 must be dismissed without leave to amend.

In 1996, Congress passed the Health Insurance Portability and Accountability Act ("HIPAA") to "encourag[e] the development of a health information system," and tasked the Department of Health and Human Services ("HHS") with providing Congress recommendations on standards with respect to protected health information ("PHI"), including individuals' rights to access their PHI, the procedures for exercising such rights, and the authorized uses and disclosure of PHI. *See Ciox Health, LLC v. Azar*, 435 F. Supp. 3d 30, 39–44 (D.D.C. 2020) (discussing HIPAA's statutory and regulatory background). One of the implementing regulations for HIPAA is 45 C.F.R. § 164.524, which provides that, outside of exceptional circumstances identified in the regulation, "an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set . . . ." 45 C.F.R. § 164.524(a)(1).

The Second Circuit, consistent with all other circuits to have considered the question at the time, held that HIPAA "does not expressly create a private cause of action for individuals . . . . [n]or does the statute *imply* a private cause of action" to enforce the institution's statutory obligations. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (emphasis in the original). Rather, "[b]y delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create

a private remedy." *Id.* Accordingly, because HIPAA confers no private cause of action, express or implied, Plaintiff's "violation of right of access" claim against Pinnacle must be dismissed without leave to amend.

**II. Plaintiff's State Law Claims**

Having found no merit in Plaintiff's federal claim against Pinnacle, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

A district court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367, which states that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). "Supplemental jurisdiction may be declined, however, where all claims over which the Court had original jurisdiction have been dismissed." *Spring v. Cnty. of Monroe, N.Y.*, 103 F. Supp. 3d 361, 366 (W.D.N.Y. 2015) (citing 28 U.S.C. § 1367(c)). The Second Circuit has stated that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id.*

The Court finds that in the instant case, the interests considered under the pendent jurisdiction doctrine are best served by declining to exercise supplemental

jurisdiction. Accordingly, Plaintiff's state law claims are dismissed without prejudice to refiling in state court.

## CONCLUSION

For the reasons above, Plaintiff's motions for default judgment and service by the Marshals are denied without prejudice, but his motion to proceed IFP is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claim of violation of his right of access under 45 C.F.R. § 164.524 is dismissed without leave to amend.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is GRANTED; and it is further

ORDERED that Plaintiff's motions for default judgment, ECF No. 4, and for service by the Marshals, ECF No. 5, are DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's federal claim of violation of his right of access under 45 C.F.R. § 164.524 is DISMISSED WITHOUT LEAVE TO AMEND under 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that the Court declines at this time to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are DISMISSED WITHOUT PREJUDICE to Plaintiff refiling them in state court; and it is further

ORDERED that the Clerk of the Court shall close this case; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: September 18, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge